94 F.3d 653
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Donald HOOVER, Defendant-Appellant.
 No. 96-10000.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 9, 1996.*
Decided Aug. 22, 1996.
 
 Before: CHOY, O'SCANNLAIN and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Donald Gail Hoover appeals his conviction for one count of bankruptcy fraud in violation of 18 U.S.C. § 152. Hoover argues that he was denied a fair trial when the district court required his trial counsel to present a motion for judgment of acquittal in the jury's presence. We affirm.
 
 Factual and Procedural Background
 
 3
 On November 18, 1992, Hoover filed a chapter 7 bankruptcy petition. On March 8, 1995, the grand jury indicted Hoover on two counts of bankruptcy fraud in violation of 18 U.S.C. § 152. Count one charged Hoover with concealing numerous assets, including: a collection of firearms, a collection of knives, a collection of coins, a collection of commemorative belts and buckles, jewelry, pool cues, a gun safe, a closed-circuit security system, and tools. Count two charged Hoover with making a false declaration in his bankruptcy case when he stated that he held or controlled no property owned by another.
 
 
 4
 Trial commenced on August 1, 1995. At the close of the government's case, Hoover's counsel moved for judgment of acquittal on both counts pursuant to Fed.R.Crim.P. 29. After hearing argument from both sides, the district court denied Hoover's Rule 29 motion as to both counts.
 
 
 5
 Hoover then presented his defense. On August 3, 1995, the jury returned a guilty verdict on count one, and a not guilty verdict on count two. Hoover was sentenced to twelve months imprisonment. Hoover timely appeals.
 
 Discussion
 
 6
 I. We review for plain error because defense counsel failed to timely object to the jury's presence at the Rule 29 hearing.
 
 
 7
 Hoover argues that the court erred by requiring his attorney to present her Rule 29 motion in the jury's presence. We review for plain error because defense counsel failed to object in a timely fashion to the jury's presence during the Rule 29 motion and argument.[1] See Fed.R.Crim.P. 52(b); United States v. Olano, 507 U.S. 725, 731 (1993).
 
 
 8
 Hoover's counsel asked the court immediately before making her Rule 29 motion: "Can I do it outside the presence of the jury or do you wish me to proceed?" The court responded: "Well, I have great faith in the intelligence of jurors, and I don't think there's any problem unless for some reason you want them excluded." Given the opportunity to disclose any problem to the court, counsel failed to do so.
 
 
 9
 Hoover's counsel argues that she could not object because "[t]he court put counsel in the untenable position of having to chose [sic] between either appearing both disparaging to the jurors' intelligence and furtive, or going ahead with the motion while the jurors were still present." Appellant's Opening Brief at 16-17. We disagree that Hoover's counsel was placed in an "untenable position." She could have avoided this "untenable position" by requesting a recess, or indicating that she had a matter for the court, before asking whether the court wished her to proceed on a motion she had not identified.
 
 
 10
 II. It was not plain error for the district court to hear the Rule 29 motion in the jury's presence.
 
 
 11
 We need not decide whether it is error for a district court to hear and decide a Rule 29 motion in the jury's presence. We hold that even if there was an error, Hoover's substantial rights were not affected.
 
 
 12
 A plain error affects "substantial rights" where it affects the outcome of the proceedings. Olano, 507 U.S. at 734. The defendant has the burden of showing prejudice. Id.
 
 
 13
 The much preferred practice is for a district court to hear and to resolve a Rule 29 motion for judgment of acquittal outside the presence of the jury. No decision has held, however, that a district court hearing a Rule 29 motion in the jury's presence is prejudicial error by itself. Three federal appellate decisions have reversed a defendant's conviction after a Rule 29 motion was decided in the jury's presence. In all of these cases, however, there were other trial errors which convinced the appellate court that the defendant was denied a fair trial. For example, in United States v. Diharce-Estrada, the Fifth Circuit wrote:
 
 
 14
 The denial of defendant's motion of acquittal in the presence of the jury was also error in the context of this case.... We say no more than that when combined with the disparaging remarks made to defense counsel in the course of the trial, the judge's decision not to follow the preferred practice of hearing and disposing of the motion outside the presence of the jury constituted prejudicial error in this case.
 
 
 15
 526 F.2d 637, 641 (5th Cir.1976). Similarly, in United States v. Coke, the Second Circuit wrote: "[T]he trial judge's abrupt denial of the motion following the repeated deprecating interjections in the examination of witnesses by the defendant's counsel, may well have implied that the defense was incompetent and a sham and that the jury should convict." 339 F.2d 183, 186 (2nd Cir.1964); see also United States v. Tobin, 426 F.2d 1279, 1281 (7th Cir.1970) (denying request for recess to present directed verdict motion).
 
 
 16
 Hoover has not established prejudice. Hoover fails to point to any other trial errors or comments by the district judge from which the jury could infer that the district judge was biased against him. Thus, this case is distinguishable from the three appellate cases where the defendant's conviction was reversed. Moreover, the government presents a persuasive argument that any possible prejudice was minimized because in allowing the jury to hear defendant's counsel's arguments in favor of the Rule 29 motion, the defendant was given a chance to make a second "opening statement" and give the jury a preview of his case-in-chief.
 
 
 17
 The lack of prejudice is evidenced by the jury acquitting Hoover on count two. Hoover moved for judgment of acquittal on both counts, and the district court denied the motion on both counts in the jury's presence. The jury's guilty verdict on count one, and not guilty verdict on count two, demonstrate that the jury was not unduly influenced by the district court's ruling. See United States v. De Cruz, 82 F.3d 856, 862 (9th Cir.1996).
 
 
 18
 Moreover, the government's evidence on count one was strong. Count one charged Hoover with concealing assets in a bankruptcy proceeding. Hoover attempts to minimize the evidence on count one by arguing that title to his firearms collection had been transferred to a trust for the benefit of his daughters. Count one, however, was predicated not only on concealing the firearms collection, but also on concealing a collection of knives, a collection of coins, a collection of commemorative belts and buckles, jewelry, pool cues, a gun safe, a closed-circuit security system, and tools.
 
 
 19
 In conclusion, the jury's presence at the Rule 29 hearing did not affect Hoover's substantial rights.
 
 
 20
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Hoover's counsel did make an untimely objection after the district court denied the Rule 29 motion. Hoover's counsel stated: "Your Honor, I believe that the whole motion should not have been made in the presence of the jury."